UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WILLIAM SLADE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>POLARIS INDUSTRIES INC.; and DOES 1-10,<br><br>　　　　Defendant. | CIV. NO. 2:18-418 WBS CKD |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for July 2, 2018, and makes the following findings and orders without needing to consult with the parties any further.

　　　　I.　　SERVICE OF PROCESS

1

1    The named defendant has been served, and no further
2 service is permitted except with leave of court, good cause
3 having been shown under Federal Rule of Civil Procedure 16(b).
4              II.   JOINDER OF PARTIES/AMENDMENTS TO PLEADINGS
5         No further joinder of parties or amendment to pleadings
6 is permitted except with leave of court, good cause having been
7 shown under Federal Rule of Civil Procedure 16(b).  See Johnson
8 v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).
9              III. JURISDICTION/VENUE
10        Jurisdiction is predicated upon both federal question
11 jurisdiction, 28 U.S.C. § 1331, because plaintiff's claims arise
12 under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, and
13 diversity jurisdiction, 28 U.S.C. § 1332.  The court also has
14 supplemental jurisdiction over plaintiff's state law claim under
15 28 U.S.C. § 1367.  Venue is undisputed and hereby found to be
16 proper.
17             IV.   DISCOVERY
18        The parties agreed to serve the initial disclosures
19 required by Federal Rule of Civil Procedure 26(a)(1) by June 26,
20 2018.
21        The parties shall disclose experts and produce reports
22 in accordance with Federal Rule of Civil Procedure 26(a)(2) by no
23 later than January 15, 2019.  With regard to expert testimony
24 intended solely for rebuttal, those experts shall be disclosed
25 and reports produced in accordance with Federal Rule of Civil
26 Procedure 26(a)(2) on or before February 15, 2019.
27        All other discovery, including depositions for
28 preservation of testimony, is left open, save and except that it

shall be so conducted as to be completed by March 15, 2019.  The
word "completed" means that all discovery shall have been
conducted so that all depositions have been taken and any
disputes relevant to discovery shall have been resolved by
appropriate order if necessary and, where discovery has been
ordered, the order has been obeyed.  All motions to compel
discovery must be noticed on the magistrate judge's calendar in
accordance with the local rules of this court and so that such
motions may be heard (and any resulting orders obeyed) not later
than March 15, 2019.

V. MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary
restraining orders, or other emergency applications, shall be
filed on or before April 15, 2019.  All motions shall be noticed
for the next available hearing date.  Counsel are cautioned to
refer to the local rules regarding the requirements for noticing
and opposing such motions on the court's regularly scheduled law
and motion calendar.

VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for June 24, 2019,
at 1:30 p.m. in Courtroom No. 5.  The conference shall be
attended by at least one of the attorneys who will conduct the
trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for
trial at the time of the Pretrial Conference, with no matters
remaining to be accomplished except production of witnesses for
oral testimony.  Counsel shall file separate pretrial statements,
and are referred to Local Rules 281 and 282 relating to the

contents of and time for filing those statements.  In addition to
those subjects listed in Local Rule 281(b), the parties are to
provide the court with: (1) a plain, concise statement which
identifies every non-discovery motion which has been made to the
court, and its resolution; (2) a list of the remaining claims as
against each defendant; and (3) the estimated number of trial
days.

In providing the plain, concise statements of
undisputed facts and disputed factual issues contemplated by
Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
that remain at issue, and any remaining affirmatively pled
defenses thereto.  If the case is to be tried to a jury, the
parties shall also prepare a succinct statement of the case,
which is appropriate for the court to read to the jury.

## VII. TRIAL SETTING

Defendant has demanded trial by jury.  Therefore, a
Jury Trial is set for August 27, 2019 at 9:00 a.m.  The parties
estimate that trial will last five to seven days.

## VIII. SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the
Pretrial Conference.  All parties should be prepared to advise
the court whether they will stipulate to the trial judge acting
as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full
settlement authority present at the Settlement Conference or to
be fully authorized to settle the matter on any terms.  At least
seven calendar days before the Settlement Conference counsel for
each party shall submit a confidential Settlement Conference

Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

Dated: June 19, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE